B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Tiago H Pereira | **DEFENDANTS**<br>Edgard Vasques De Miranda Neto |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Michael Satterwhite<br>PO Box 569 Revere MA 02151 781-629-4825 | **ATTORNEYS** (If Known)<br>George Nader<br>210 Broadway Ste 101 Lynnfield MA 01940 |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Fraud, Unfair and deceptive acts, breach of contract.

---

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☑ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation<br>(other than domestic support)<br>☐ 65-Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other |
| **FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner – §363(h) | **FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest |
| **FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | **FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment |
| **FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation | **FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause |
| **FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation,<br>actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court<br>if unrelated to bankruptcy case) |

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ 47440 |
| Other Relief Sought Payment order | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Edgar Vasquez De Miranda | BANKRUPTCY CASE NO.<br>16-10026 | |
| DISTRICT IN WHICH CASE IS PENDING<br>MA | DIVISION OFFICE<br>BOSTON | NAME OF JUDGE<br>Melvin Hoffman |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>5/13/16 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Michael Sattorchile |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Michael Satterwhite
The Satterwhite Law Firm, P.C.
PO Box 569 REVERE MA 02151
*Attorney for Tiago H Pereira*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE Edgar Vasquez De Miranda Neto | ) ) ) Cause No: 16-10026 ) ) |
| Debtor. | ) ) ) ) |

|  |  |
|---|---|
| TIAGO H PEREIRA, | ) ) |
| Plaintiff, | ) **ADVERSARY** ) **PROCEEDING** |
| v. | ) **(COMPLAINT** ) **OBJECTING TO** ) **DISCHARGE OF DEBTS)** ) ) ) No. |
| EDGARD VASQUES DE MIRANDA NETO | ) ) |
| Defendant. | ) |

# COMPLAINT OBJECTING TO DISCHARGE OF DEBTS

COMES NOW Tiago H Pereira, creditor in the above-captioned bankruptcy

case, by and through his counsel of record, Michael Satterwhite, and hereby

ADVERSARY PROCEEDING-COMPLAINT OBJECTING TO                    1
DISCHARGE OF DEBTS

files this Complaint Objecting to Discharge of Debt pursuant to 11 U.S.C. §

523(a)(2) and (6). This is a core proceeding pursuant to 28 USC §

157(b)(2)(j). In support of this Complaint, Creditor Tiago H Pereira would

show the Court as follows:

## 1. INTRODUCTION AND RELIEF SOUGHT

1.    Creditor Tiago H Pereira was not listed as a creditor on

Schedule F- Creditors Holding Unsecured Nonpriorty claims by Debtor.

2.    Debtor Neto has been aware that Creditor Pereira was pursuing

litigation for fraud and unfair and deceptive acts since May 2015. Debtor had

two conversations with Creditor Pereira's Attorney.

3.    Debtor Neto had been aware of the allegations of Fraud by

Pereira since on or before May 20, 2015.

4.    Creditor Pereira filed litigation in Malden District Court on

September 28, 2015 for fraud, breach of contract and unfair and deceptive

acts.

5.    On December 23, 2015 Debtor Neto was served the Complaint

and Malden District Court Summons.

6.    Debtor Neto failed to answer the allegations listed in the

Complaint.

ADVERSARY PROCEEDING-COMPLAINT OBJECTING TO                    2
DISCHARGE OF DEBTS

7.    Creditor Pereira files this adversary complaint objecting to the discharge of the debts owed to him by Debtor Neto under 11 U.S.C. § 523(a)(2)(A) and (6). The purpose of Section 523 of the Bankruptcy Code is to protect victims of fraud. *Sasson v. Sokoloff*, 424 F.3d 864, 875 (9th Cir. 2005). Creditor Pereira is a victim of fraud.

8.    As this complaint objecting to dischargeability is a core proceeding before the U.S. Bankruptcy Court, Creditor Farese also requests that this Court determine liability for the debt to Creditor Farese and the amount of the debt owing. *Sasson*, 424 F.3d at 867-870.

## 2. ALLEGATIONS IN SUPPORT OF OBJECTION TO DISCHARGE

9.    Debtor Neto solicited offers to purchase a car dealership at 35-A Everett Ave, Everett MA 02149, known as Stadium Auto Sales.

10.    Debtor Neto entered into a contract with Creditor Pereira to sell Stadium Auto Sale and the contractual rights to the lease agreement for $35,000.00.

11.    Creditor Pereira paid $15,000.00 towards the purchase price for the purchase of Stadium Auto Sales rights of business.

12.    Debtor Neto had a commercial lease with the owner of the land in which the car dealership was to be located and the lease prevented the assignment of the lease or subleasing the premises.

ADVERSARY PROCEEDING-COMPLAINT OBJECTING TO                    3
DISCHARGE OF DEBTS

13.   Debtor Neto did not have any ownership interest in Stadium Auto Sales to sell.

14.   Debtor Neto entered into the contract with Creditor Pereira without good faith.

15.   Debtor Neto knowingly sold an assignment of the Lease/Contract that Debtor Neto had with Debtor Neto's landlord, when the Commercial lease prohibited this action.

16.   Debtor Neto has committed fraud by the Debtor Neto's actions prior to, the terms listed in the assignment contract with Creditor Pereira, and the actions Debtor Neto took thereafter.

17.   Debtor Neto was being pursued at the time of the contract by multiple creditors for a substantial amount of money.

18.   Creditor Pereira attempted to contact the Debtor Neto for the assignment of the dealership over several weeks after signing the assignment and Debtor Neto failed to answer the calls and was not available at the car dealership when Creditor Pereira appeared to discuss.

19.   Debtor Neto intentionally withheld information about the health of the car dealership and any issues the business had from Creditor Pereira in an attempt to induce Creditor Pereira to enter into the assignment agreement and pay a substantial amount of money to Debtor Neto.

ADVERSARY PROCEEDING-COMPLAINT OBJECTING TO                                    4
DISCHARGE OF DEBTS

20.   Debtor Neto knew that he did not have the authority to assign Stadium Auto Sales or the commercial lease agreement.

21.   Creditor Pereira's loss in the purchase and contract was caused by Debtor Neto's fraud and misrepresentations.

22.   Debtor Neto's actions were unfair and deceptive.

23.   Debtor Neto is attempting to obtain a discharge under Chapter 7 of the United States Bankruptcy code, which would also discharge the debt Debtor Neto is being pursued for Fraudulent Acts and Unfair and Deceptive behavior under MGL 93A.

24.   Debtor Neto failed to name Creditor Pereira in this Bankruptcy filing and since this time the court has entered Judgment against Debtor Neto on all counts.

3.          **BASIS FOR DENIAL FOR DISCHARGE UNDER 11 U.S.C. § 523(a)(2)(A) and § 523(6)**

25.          Discharge is not proper under 11 U.S.C. § 523(a)(2) because the debt owed to Creditor Pereira has been ruled by Malden District Court to be partially obtained by actual fraud and unfair and deceptive acts.

26.          Discharge is also proper under 11 U.S.C. § 523(6) because the debt was the result of wilfful and malicious injury by Debtor Neto, to

ADVERSARY PROCEEDING-COMPLAINT OBJECTING TO               5
DISCHARGE OF DEBTS

Creditor Pereira.

27.       A preponderance of the evidence in this case establishes that all of debts owed by Debtor Neto to Creditor Pereira, no matter how styled under state law, fall within the purview of 11 U.S.C. § 523(a)(2)(A) and/or (6).

28.       Debtor Neto's fraud and use of unfair and deceptive acts are the causes of the debt owed by him to Creditor Pereira. Debtor Neto would not have incurred said debt if not for his fraud and unfair and deceptive acts. This fraud and these unfair and deceptive are indicated by the long course of conduct, communications, and representations, whereby Debtor Neto induced Creditor Pereira to paying out to Debtor Neto.

## III. PRAYER FOR RELIEF

WHEREFORE, Creditor Pereira respectfully prays as follows:

1. That this Court deny the discharge of Debtor Neto as to all of the debts arising from claims asserted by Creditor Pereira;

2. That, in the alternative, if this Court does not grant discharge on all claims, that it deny discharge for any debts it does included fall within the purview of 11 U.S.C. § 523(2) and/or 11 U.S.C. § 523(6);

3. That this Court determine liability to Creditor Pereira for the debts described herein, and determine the amount of said debts for which

ADVERSARY PROCEEDING-COMPLAINT OBJECTING TO                6
DISCHARGE OF DEBTS

Debtor Neto is liable;

4. That Creditor have and recover from the Debtor his discretionary costs of this litigation;

5. Debtor be responsible for $47,435.00, plus interest, cost and fees.

6. That the costs of the clerk of court be taxed against Debtor; and

7. That the Creditor be awarded such other, further, and general relief to which he is entitled and which the Court shall deem to be just and proper.

8. Demand for Jury Trial.

DATED this 13th day of May, 2016

By: /s/ Michael A. Satterwhite
Michael A. Satterwhite
The Satterwhite Law Firm, P.C.
*Attorney for Biagio Farese*

## CERTIFICATE OF SERVICE

Under penalty of perjury, the undersigned hereby certifies that on May 13, 2016, I served a true and exact copy of the foregoing document by depositing the same in the U.S. Mail, first class postage prepaid, or via CM/ECF addressed to the following:

Riley & Dever PC
George Nader
210 Broadway Ste 101
Lynnfield, MA 01940

DATED this 13th day of May, 2016

By: /s/ Michael A. Satterwhite
Michael A. Satterwhite
The Satterwhite Law Firm, P.C.
Attorney for Biagio Farese

ADVERSARY PROCEEDING-COMPLAINT OBJECTING TO DISCHARGE OF DEBTS                 8

Print

## Assignment

I, the undersigned, EDGARD VASQUES DE MIRANDA NETO of 12 DIANE'S VIEW, MALDEN, MIDDLESEX County, Massachusetts, 02148, in consideration of $35,000.00 USD United States Dollars paid by cash received from TIAGO HENRIQUE PEREIRA of 24-26 CAMPBEL AVE, #02, REVERE, SUFFOLK County, Massachusetts, 02148, the receipt of which consideration is acknowledged, transfer to TIAGO HENRIQUE PEREIRA my contractual right of a Car Dealer located at 35-A Everett Ave, Everett, MA, 02149, to TIAGO HENRIQUE PEREIRA, in which the total amount of this transfer is: USD$35,000.0, being USD$20,000.00 cash and 5 monthly instalments of USD$3,000.00, to be paid in five months from the current date. with TIAGO HENRIQUE PEREIRA of 24-26 CAMPBEL AVE, #02, REVERE, SUFFOLK County, Massachusetts, 02151, which is attached hereto as Schedule "A".

I warrant and covenant the following with regard to the contractual rights which I have assigned:

1. that they are still owing to me over and above all claims for set-off or otherwise;

2. that TIAGO HENRIQUE PEREIRA has rights and obligations under this agreement;

3. that I will not, after this Assignment takes effect, receive and accept the assigned contractual rights;

4. that I will not do any act which may prevent or hinder TIAGO HENRIQUE PEREIRA from enforcing the assigned contractual rights; and

5. that I have not done or knowingly permitted any act, deed or thing by which the contractual rights can be impeached or affected in any manner.

I direct TIAGO HENRIQUE PEREIRA to complete the contractual obligations, which would otherwise be owed to me but which have been transferred as indicated herein, with TIAGO HENRIQUE PEREIRA.

It is agreed that this Assignment will enure to the benefit of and be binding upon the parties to this Assignment, their heirs, executors, administrators, successors and assigns, respectively.

This Agreement will be construed in accordance with and governed by the laws of the Commonwealth of Massachusetts.

**SIGNED, SEALED AND DELIVERED**
this 17th day of March, 2015 in the
presence of:

A NOTARY PUBLIC IN AND FOR
The Commonwealth of Massachusetts
County of MIDDLESEX

EDGARD VASQUES DE MIRANDA NETO

JOILTON B. AZEREDO
Notary Public
Commonwealth of Massachusetts
My Comm. Expires June 17, 2016

On this 17 day of MARCH 2015, before me, the
undersigned notary public personally appeared
EDGARD V. DE M. NETO
proved to me through satisfactory evidence of
identification, which was MA DRIVER's LICENSE
to be the person whose name is signed on the
preceding or attached document in my presence.

3/17/2015

SCHEDULE "A"

EDGARD VASQUES DE MIRANDA NETO, of 12 DIANE'S VIEW, MALDEN, MIDDLESEX
County, Massachusetts, 02148,has knowledge that he is transferring all
rights and responsibilities of the Car Dealer located at 35-A Everett
Ave, Massachusetts, 02149, to TIAGO HENRIQUE PEREIRA of 24-26 Campbel
Ave,#02, Revere, SUFFOLK County, Massachusetts, 02151.

03·17·2015

EDGARD VASQUES DE MIRANDA NETO

TIAGO HENRIQUE PEREIRA

On this 17th day of MARCH, 2015 before me, the
undersigned notary public personally appeared,
EDGARD V DE M NETO and TIAGO H PEREIRA
proved to me through satisfactory evidence of
identification, which were MA DRIVER'S LICENSE
to be the person whose name is signed on the
preceding or attached document in my presence.

JOILTON B. AZEVEDO
Notary Public
Commonwealth of Massachusetts
My Comm. Expires June 17, 2018

I Edgard V. Neto declare to Rodrigo Gomes and Thiago H Pereira that I received 15,000.00 (fiveteen thousand dollars USD) for the purchase of Stadium Auto Sales rights of business, which still to be paid 5,000.00 rest of (down pay) down payment and another 5 payments of 3,000.00 dollars due in 5 months.

I sold all rights over my contract to Tiago H Pereira to be my partner.

Edgard V. Neto

03-24-15

# COMMERCIAL NET LEASE FOR PART OF BUILDING

**1. Names.** This lease is made by _ALBA DE Simone_, Landlord, and _Edgard V. DeMiranda Neto_
Tenant.

**2. Premises Being Leased.** Landlord is leasing to Tenant and Tenant is leasing from Landlord a portion of the following premises:
_35a Everett Ave, Everett MA_ _____. Specifically, Tenant is leasing
_Car lot & office (Sa attachment)_.

[X] **Part of Building Only.** Specifically, Tenant is leasing the _Corner office_ of the building.

[ ] **Shared Facilities.** As part of this lease, Tenant and Tenant's employees and customers may use the following additional facilities in common with other tenants, employees, and customers:

    [X] Parking spaces: _As per lot Plan_

    [X] Restroom facilities: _Shared_

    [ ] Storage areas: _____

    [ ] Hallways, stairways, and elevators: _____

    [ ] Conference rooms: _____

    [X] Other: _As per attachment_

**3. Term of Lease.** This lease begins on _Oct 1, 2013_ ends on _Sept 30, 2017_.

**4. Rent.** Tenant will pay rent in advance on the _1st_ day of each month. Tenant's first rent payment will be on _Oct 1, 2013_
in the amount of $ _2,500_. Tenant will pay rent of $ _2,500_ per month thereafter.

[X] Tenant will pay this rental amount for the entire term of the lease.

[ ] Rent will increase each year, on the anniversary of the starting date in paragraph 3, as follows: _____

**5. Option to Extend Lease**

[X] **First Option.** Landlord grants Tenant the option to extend this lease for an additional _2_ years. To exercise this option, Tenant must give Landlord written notice on or before _June 30th, 2017_. Tenant may exercise this option only if Tenant is in substantial compliance with the terms of this lease. Tenant will lease the premises on the same terms as in this lease except as follows:
_Subject to my Agreed upon increase in Rent._

[ ] **Second Option.** If Tenant exercises the option granted above, Tenant will then have the option to extend this lease for _____ years beyond the first option period. To exercise this option, Tenant must give Landlord written notice on or before _____ Tenant may exercise this option only if Tenant is in substantial compliance with the terms of this lease. Tenant will lease the premises on the same terms as in this lease except as follows: _____

**6. Security Deposit.** Tenant has deposited $ _2,500_ with Landlord as security for Tenant's performance of this lease. Landlord will refund the full security deposit to Tenant within 14 days following the end of the lease if Tenant returns the premises to Landlord

in good condition (except for reasonable wear and tear) and Tenant has paid Landlord all sums due under this lease. Otherwise, Landlord

may deduct any amounts required to place the premises in good condition and to pay for any money owed to Landlord under the lease.

**7. Improvements by Landlord**

[ ] Before the lease term begins, Landlord (at Landlord's expense) will make the repairs and improvements listed in Attachment I to this contract.

[ ] Tenant accepts the premises in "as is" condition. Landlord need not provide any repairs or improvements before the lease term begins.

**8. Improvements by Tenant.** Tenant may make alterations and improvements to the premises after obtaining the Landlord's written consent. At any time before this lease ends, Tenant may remove any of Tenant's alterations and improvements, as long as Tenant repairs any damage caused by attaching the items to or removing them from the premises.

**9. Tenant's Use of Premises.** Tenant will use the premises for the following business purposes: _Used Car Sales_ .

Tenant may also use the premises for purposes reasonably related to the main use.

**10. Landlord's Representations.** Landlord represents that:

A. At the beginning of the lease term, the premises will be properly zoned for Tenant's stated use and will be in compliance with all applicable laws and regulations.

B. The premises have not been used for the storage or disposal of any toxic or hazardous substance, and Landlord has received no notice from any governmental authority concerning removal of any toxic or hazardous substance from the property.

**11. Utilities and Services**

**A. Separately Metered Utilities.** Tenant will pay for the following utilities and services that are separately metered or billed to Tenant:

[ ] Water

[ ] Electricity

[ ] Gas

[ ] Heating Oil

[ ] Trash collection

[X] Other: _Cable and phone_

**B. Other Utilities.** Tenant will pay _10 (Ten)_ % of the following utilities and services that are not separately metered to Tenant:

[✓] Water

[✓] Electricity

[ ] Gas

[ ] Heating Oil

[ ] Trash collection

[ ] Other: _____

Tenant will pay for these utilities in monthly installments on or before the _1st_ day of each month, in advance, in an amount estimated by Landlord. Every _____ months, Landlord will give Tenant copies of the bills sent to Landlord. If Tenant's share of the actual costs for utilities and services exceeds the amount paid in advance by Tenant, Tenant will pay Landlord the difference within 30 days. If Tenant has paid more than Tenant's share of the actual costs, Tenant will receive a credit for the overage, which will be applied to reduce the next installments due from Tenant.

**12. Maintenance and Repair of Common Areas.** Landlord will maintain and make all necessary repairs to the common areas of the building and adjacent premises and keep these areas safe and free of trash. This includes:

[ ] On-site parking areas

[ ] Off-site parking areas

[X] Restroom facilities

[  ] Storage areas

[  ] Hallways, stairways, and elevators

[  ] Conference rooms

[  ] Sidewalks and driveways

[X] Other: _See attachment_

Tenant will pay Landlord _____% of the cost of such maintenance and repairs. Tenant will pay these amounts in monthly install-
ments on or before the _____ day of each month, in advance, in an amount estimated by Landlord. Within 90 days after the end of
each lease year, Landlord will give Tenant a statement of the actual amount of Tenant's share of such costs for such period. If Tenant's
share of the actual costs exceeds the amount paid in advance by Tenant, Tenant will pay Landlord the difference within 30 days. If Tenant
has paid more than Tenant's share of the actual costs, Tenant will receive a credit for the overage, which will be applied to reduce the next
installments due from Tenant.

**13. Maintenance and Repair of Leased Premises.** Landlord will maintain and make all necessary repairs to the following parts of the
building in which the leased premises are located:

[X] Roof

[X] Foundation and structural components

[X] Exterior walls

[  ] Interior common walls

[X] Exterior doors and windows

[X] Plumbing system

[X] Sewage disposal system

[X] Electrical system

[  ] Heating, ventilating, and air-conditioning systems

[  ] Sprinkler system

[  ] Other: _____

Tenant will maintain and repair the leased premises and keep the leased premises in good repair except for those items specified
above as being Landlord's responsibility.

**14. Insurance**

A.  Landlord will carry fire and extended coverage insurance on the building. Tenant will pay Tenant's proportionate share (_____%)
of such insurance within ten days after receiving a statement from Landlord as to the cost.

B.  Tenant will carry public liability insurance, which will include Landlord as a party insured. The public liability coverage for per-
sonal injury will be at least the following amounts:

- $ _1 Million_ per occurrence.

- $ _1 Million_ in any one year.

C.  Landlord and Tenant release each other from any liability to the other for any property loss, property damage, or personal injury
to the extent covered by insurance carried by the party suffering the loss, damage, or injury.

D.  Tenant will give Landlord a copy of all insurance policies that this lease requires Tenant to obtain.

**15. Taxes**

A.  Tenant will pay _____% of all taxes and assessments that may be levied or assessed against the building and the land for the
period of the lease. Tenant will pay these taxes and assessments in monthly installments on or before the _____ day of each month,
in advance, in an amount estimated by Landlord. Landlord will give Tenant copies of the tax bills and assessments as Landlord
receives them. If Tenant's share of the actual taxes and assessments exceeds the amount paid in advance by Tenant, Tenant will pay
Landlord the difference within 30 days. If Tenant has paid more than Tenant's share of the actual taxes and assessment, Tenant will

receive a credit for the overage, which will be applied to reduce the next installments due from Tenant. Taxes and assessments to be paid by Tenant will be prorated on a due date basis and will be assumed to cover a period of one year from the due date.

B. Tenant will pay all personal property taxes levied and assessed against Tenant's personal property.

**16. Subletting and Assignment.** Tenant will not assign this lease or sublet any part of the premises without the written consent of Landlord. Landlord will not unreasonably withhold such consent.

**17. Damage to Premises**

A. If the premises are damaged through fire or other cause not the fault of Tenant, Tenant will owe no rent for any period during which Tenant is substantially deprived of the use of the premises.

B. If Tenant is substantially deprived of the use of the premises for more than 90 days because of such damage, Tenant may terminate this lease by delivering written notice of termination to Landlord.

**18. Notice of Default.** Before starting a legal action to recover possession of the premises based on Tenant's default, Landlord will notify Tenant in writing of the default. Landlord will take legal action only if Tenant does not correct the default within ten days after written notice is given or mailed to Tenant.

**19. Quiet Enjoyment.** As long as Tenant is not in default under the terms of this lease, Tenant will have the right to occupy the premises peacefully and without interference.

**20. Eminent Domain.** This lease will become void if any part of the leased premises or the building in which the leased premises are located are taken by eminent domain. Tenant has the right to receive and keep any amount of money that the agency taking the premises by eminent domain pays for the value of Tenant's lease, its loss of business, and for moving and relocation expenses.

**21. Holding Over.** If Tenant remains in possession after this lease ends, the continuing tenancy will be from month to month.

**22. Disputes**

[ ] **Litigation.** If a dispute arises, either party may take the matter to court.

[ ] **Mediation and Possible Litigation.** If a dispute arises, the parties will try in good faith to settle it through mediation conducted by

[ ] _____

[ ] a mediator to be mutually selected.

The parties will share the costs of the mediator equally. Each party will cooperate fully and fairly with the mediator and will attempt to reach a mutually satisfactory compromise to the dispute. If the dispute is not resolved within 30 days after it is referred to the mediator, either party may take the matter to court.

[ ] **Mediation and Possible Arbitration.** If a dispute arises, the parties will try in good faith to settle it through mediation conducted by

[ ] _____

[ ] a mediator to be mutually selected.

The parties will share the costs of the mediator equally. Each party will cooperate fully and fairly with the mediator and will attempt to reach a mutually satisfactory compromise to the dispute. If the dispute is not resolved within 30 days after it is referred to the mediator, it will be arbitrated by

[ ] _____

[ ] an arbitrator to be mutually selected.

Judgment on the arbitration award may be entered in any court that has jurisdiction over the matter. Costs of arbitration, including lawyers' fees, will be allocated by the arbitrator.

Landlord need not participate in mediation or arbitration of a dispute unless Tenant has paid the rent called for by this lease or has placed any unpaid rent in escrow with an agreed upon mediator or arbitrator.

**22. Additional Agreements.** Landlord and Tenant additionally agree that: _Attachment To lease shall be part of lease agreement._

**23. Entire Agreement.** This is the entire agreement between the parties. It replaces and supersedes any and all oral agreements between the parties, as well as any prior writings.

**24. Successors and Assignees.** This lease binds and benefits the heirs, successors, and assignees of the parties.

**25. Notices.** All notices must be in writing. A notice may be delivered to a party at the address that follows a party's signature or to a new address that a party designates in writing. A notice may be delivered:

(1) in person

(2) by certified mail, or

(3) by overnight courier.

**26. Governing Law.** This lease will be governed by and construed in accordance with the laws of the state of _____

**27. Counterparts.** The parties may sign several identical counterparts of this lease. Any fully signed counterpart shall be treated as an original.

**28. Modification.** This lease may be modified only by a writing signed by the party against whom such modification is sought to be enforced.

**29. Waiver.** If one party waives any term or provision of this lease at any time, that waiver will be effective only for the specific instance and specific purpose for which the waiver was given. If either party fails to exercise or delays exercising any of its rights or remedies under this lease, that party retains the right to enforce that term or provision at a later time.

**30. Severability.** If any court determines that any provision of this lease is invalid or unenforceable, any invalidity or unenforceability will affect only that provision and will not make any other provision of this lease invalid or unenforceable, and shall be modified, amended, or limited only to the extent necessary to render it valid and enforceable.

Dated: __X__ _____

**LANDLORD**

Name of Business: _Stadium auto Sales_

at _35 Everett Ave, Everett, MA_

By: _[signature]_

Printed Name: _Alba DeSimone_

Title: _Property owner_

Address: _225 Sargont St_
_Revere, MA. 02151_

**TENANT**

Name of Business: _____

at _____

By: _Edgard V. De Miranda Neto_

Printed Name: X _[signature]_

Title: _Owner_

Address: _12 Diane's View_
_Malden MA 02148_

[ ] **GUARANTOR**

By signing this lease, I personally guarantee the performance of all financial obligations of _____ under this lease.

Dated: _____

Printed Name: _____

Title: _____

Address: _____

_____

**Attachment to Lease:**

**I)       Addendum to lease items:**

**No. 2 Premises being leased.**

**Specific areas of 35 Everett Ave covered under this lease are designated parking spaces shown on attached building plot plan. Corner office designated as used car sales office and shared access ways to car lot and shared restrooms.**

**No. 12 Maintenance and repair of common areas.**

**Tenant responsible for snow removal of area used for car sales, office space access and walkway to car lot.**

**No. 15  Taxes.**

**Tenant shall be responsible for paying all individual income taxes under the Stadium Auto Sales Tax I.D.**

**No. 18 Notice of Default.**

**If default is due to non-payment of rent, after a 10 day notice, landlord shall have the right to take possession of premises and remove any vehicles or property at tenants' expense.**

**II)      Additional agreements.**

**1. Dealer plate will be provided at Tenants expense.**

**2.  Any use of premises for the sale of used cars resulting in two infractions will, upon second infraction, result in termination of lease within 30 days of said infraction. Reasonable effort will be made by the landlord, to work with the tenant, so as to limit the probability of any infraction of the statutes of the City of Everett, MA.**

3. Non-payment of lease for 60 days will result in immediate Termination of lease

| L. LORD | TENANT |
| --- | --- |

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

MIDDLESEX COUNTY, ss.

DISTRICT COURT DEPARTMENT
MALDEN DIVISION
C.A. No.

TIAGO H PEREIRA,
    Plaintiff,

v.

EDGARD VASQUES DE MIRANDA NETO,
    Defendant.

## COMPLAINT

1. This is an action seeking damages based on the fraudulent, unfair and deceptive acts of the defendant who failed to act in good faith with his dealings with the Plaintiff, where Plaintiff paid Defendant $ for the purchase of a car dealership.

2. The plaintiff is a natural person who resides at 24/26 Campbell Avenue # 2, Revere, MA 02151.

3. On information and belief, the last known residential address of the defendant Edgard Vasques de Miranda Neto, also known as Eddie Vasques (hereinafter "Vasques"), is 12 Diane's View, Malden, Middlesex County, Massachusetts 02148.

4. Vasques has been engaged in the business of purchasing, marketing, encumbering, and selling used motor vehicles doing business as Stadium Auto Sales, with a principal place of business at or about 35A Everett Avenue, Everett, Middlesex County, Massachusetts 02149.

5. Vasques, on information and belief, also has been engaged in the business of selling used motor vehicles as PJ Auto Sales at or about 161 Broadway, Somerville, Middlesex County, Massachusetts 02145.

## COUNT I BREACH OF CONTRACT

6. The parties entered into an agreement whereby the defendant agreed to sell the contractual rights to the car dealership for $35,000.00. A copy of said agreement is attached hereto and incorporated herein as "Exhibit A."

7. Plaintiff paid the Defendant $15,000.00 towards to the contract on or about March 24, 2015. A copy of said receipt is attached hereto and incorporated herein as "Exhibit B."

8. Defendant failed to get permission from landlord to assign the rights under the Commercial Net Lease for Part of Building, which expressly forbid assignments without written consent of Landlord.

9. Defendant failed to give Plaintiff access to the car dealership after first payment was made.

10. Defendant failed to act in good faith on dealings with the contract, failed to advise Plaintiff of the default with Shamrock which has been in default since December 1, 2014, failed to advise Plaintiff that the unpaid principal balance on owed to Shamrock was $127,330.50 as of April 1, 2015.

11. The defendant has defaulted, and breached the terms of the parties' agreement.

12. There is now due and owing to the plaintiff an unpaid balance after demand in the amount of $21,750.00, plus interest from 05/13/2015, the date of demand, costs and reasonable attorneys' fees, all as provided for by the terms of the loan agreement.

## COUNT II FRAUD

13. Plaintiff agreed to purchase a business from Defendant.

14. Defendant informed Plaintiff that business was healthy and that there were no issues to be worried about.

15. Defendant has intentionally avoided the Plaintiff's inquiries about the status of the business.

16. Defendant made false statements with the purpose of inducing Plaintiff into the transaction with Defendant.

17. Plaintiff paid Defendant the first payment under the contract.

18. After many delays, Defendant finally admitted that the business could not be sold without the landlord's permission and the landlord would not approve.

19. Defendant knew or should have known prior to putting the business up for sale that the lease Defendant had, included certain restrictions.

20. Plaintiff's loss in the purchase and contract was caused by Defendant's misrepresentations.

## COUNT III 93A UNFAIR AND DECEPTIVE ACTS

21. Defendant was sent a 93A Demand for unfair and deceptive acts and did not respond.

22. Plaintiff agreed to purchase a business from Defendant.

23. Defendant informed Plaintiff that business was healthy and that there were no issues to be worried about.

24. Defendant has intentionally avoided the Plaintiff's inquiries about the status of the business.

25. Plaintiff paid Defendant the first payment under the contract.

26. After many delays, Defendant finally admitted that the business could not be sold without the landlord's permission and the landlord would not approve.

27. Defendant knew or should have known prior to putting the business up for sale that the lease Defendant had, included certain restrictions.

28. Defendant committed unfair or deceptive act or practice in the trade in which he was engaged and the injury for which the plaintiff seeks damages was caused by the Defendant's unfair or deceptive practices.

29. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

WHEREFORE: The plaintiff demands judgment against the defendant on this count of the Complaint in an amount to be determined by the court, together with statutory interest, costs, reasonable attorneys' fees and any and all other relief deemed fair and proper.

Respectfully submitted,

Tiago H Pereira, Plaintiff,
By its attorneys,

Michael Satterwhite BBO: 686937
The Satterwhite Law Firm, P.C.
PO Box 569
Revere, MA 02151
(781)-629-4829
MSatterwhite@maslawfirmpc.com

Dated: November 6, 2015

# EXHIBIT A

Print

## Assignment

I, the undersigned, EDGARD VASQUES DE MIRANDA NETO of 12 DIANE'S VIEW, MALDEN, MIDDLESEX County, Massachusetts, 02148, in consideration of $35,000.00 USD United States Dollars paid by cash received from TIAGO HENRIQUE PEREIRA of 24-26 CAMPBEL AVE, #02, REVERE, SUFFOLK County, Massachusetts, 02148, the receipt of which consideration is acknowledged, transfer to TIAGO HENRIQUE PEREIRA my contractual right of a Car Dealer located at 35-A Everett Ave, Everett, MA, 02149, to TIAGO HENRIQUE PEREIRA, in which the total amount of this transfer is: USD$35,000.0, being USD$20,000.00 cash and 5 monthly instalments of USD$3,000.00, to be paid in five months from the current date. with TIAGO HENRIQUE PEREIRA of 24-26 CAMPBEL AVE, #02, REVERE, SUFFOLK County, Massachusetts, 02151, which is attached hereto as Schedule "A".

I warrant and covenant the following with regard to the contractual rights which I have assigned:

1.  that they are still owing to me over and above all claims for set-off or otherwise;

2.  that TIAGO HENRIQUE PEREIRA has rights and obligations under this agreement;

3.  that I will not, after this Assignment takes effect, receive and accept the assigned contractual rights;

4.  that I will not do any act which may prevent or hinder TIAGO HENRIQUE PEREIRA from enforcing the assigned contractual rights; and

5.  that I have not done or knowingly permitted any act, deed or thing by which the contractual rights can be impeached or affected in any manner.

I direct TIAGO HENRIQUE PEREIRA to complete the contractual obligations, which would otherwise be owed to me but which have been transferred as indicated herein, with TIAGO HENRIQUE PEREIRA.

It is agreed that this Assignment will enure to the benefit of and be binding upon the parties to this Assignment, their heirs, executors, administrators, successors and assigns, respectively.

This Agreement will be construed in accordance with and governed by the laws of the Commonwealth of Massachusetts.

**SIGNED, SEALED AND DELIVERED**
this 17th day of March, 2015 in the
presence of:

A NOTARY PUBLIC IN AND FOR
The Commonwealth of Massachusetts
County of MIDDLESEX

JOILTON B. AZEREDO
Notary Public
Commonwealth of Massachusetts
My Comm. Expires June 17, 2016

EDGARD VASQUES DE MIRANDA NETO

On this 17th day of MARCH 2015, before me, the undersigned notary public personally appeared EDGARD V. DE M. NETO proved to me through satisfactory evidence of identification, which were MA-DRIVER'S LICENSE to be the person whose name is signed on the preceding or attached document in my presence.

**SCHEDULE "A"**

EDGARD VASQUES DE MIRANDA NETO, of 12 DIANE'S VIEW, MALDEN, MIDDLESEX
County, Massachusetts, 02148,has knowledge that he is transferring all
rights and responsibilities of the Car Dealer located at 35-A Everett
Ave, Massachusetts, 02149, to TIAGO HENRIQUE PEREIRA of 24-26 Campbel
Ave,#02, Revere, SUFFOLK County, Massachusetts, 02151.

_03-17-2015_

EDGARD VASQUES DE MIRANDA NETO


TIAGO HENRIQUE PEREIRA


On this _17th_ day of _MARCH_, 20_15_ before me, the
undersigned notary public personally appeared,
_EDGARD V. DE M. NETO_ and _TIAGO H. PEREIRA_
proved to me through satisfactory evidence of
identification, which were _MA DRIVER'S LICENSE_
to be the person whose name is signed on the
preceding or attached document in my presence.

JOILTON B. AZEVEDO
Notary Public
Commonwealth of Massachusetts
My Comm. Expires June 17, 2016

1

I Edgard V. Neto   declare   to   Rodrigo Gomes
and   Thiago H Pereira   that   I   received   15,000.00
(fiveteen thousand dollars USD)   for   the   purchase
of   Stadium Auto Sales   rights   of   business, which
still   to   be   paid   5,000.00   rest   of   ~~down pay~~ the
down payment   and   another   3 payments
of   3,000.00   dollars   due   in   5 months.

I sold   all   rights   over   my
contract   to   Tiago H Pereira   to
be   my   partner.

Edgard V. Neto

03-24-15

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

MIDDLESEX COUNTY, SS.

DISTRICT COURT DEPARTMENT
MALDEN DIVISION
C.A. No.

TIAGO H PEREIRA,
    Plaintiff,

v.

EDGARD VASQUES DE MIRANDA NETO,
    Defendant.

## UNIFORM COUNSEL CERTIFICATION FOR CIVIL CASES

I am the attorney of record for the plaintiff in the above captioned matter.

In accordance with Rule 5 of the Supreme Judicial Court's Uniform Rules on Dispute Resolution (S.J.C. Rule 1:18) which provides, in relevant part, that attorneys shall "provide their clients with this information about court-connected dispute resolution services; discuss with their clients the advantages and disadvantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil cover sheet or its equivalent." I hereby certify that I have complied with this requirement.

Respectfully submitted,
Tiago H Pereira Plaintiff,
By its attorneys,

Michael Satterwhite BBO: 686937
The Satterwhite Law Firm, P.C.
PO Box 569
Revere, MA 02151
(781)-629-4829
MSatterwhite@maslawfirmpc.com

Dated: November 6, 2015

| STATEMENT OF DAMAGES G.L. c. 218, § 19A (a) | Docket No.: | Trial Court of Massachusetts District Court Department |
|---|---|---|
| | Division: Malden District Court | |

Plaintiff(s)
Tiago H Pereira

Defendant(s)
Edgard Vasques De Miranda Neto

**INSTRUCTIONS:** THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.

## TORT CLAIMS

A. Documented medical expenses to date:

|  | AMOUNT |
|---|---|
| 1. Total hospital expenses: ............................................ | $_____ |
| 2. Total doctor expenses: ............................................... | $_____ |
| 3. Total chiropractic expenses: ...................................... | $_____ |
| 4. Total physical therapy expenses: ............................... | $_____ |
| 5. Total other expenses (Describe): _____ | $_____ |
| B. **SUBTOTAL for lines 1-5 above:** | |
| C. Documented lost wages and compensation to date: | $_____ |
| D. Documented property damages to date: ......................... | $_____ |
| E. Reasonable anticipated future medical and hospital expenses: | $_____ |
| F. Reasonably anticipated future lost wages: ..................... | $_____ |
| G. Other documented items of damage (Describe): _____ | $_____ |

For this form, disregard double or treble damage claims, indicate single damages only.

### TOTAL TORT CLAIMS for lines B-G above:

H. Brief description of Plaintiff's injury, including nature and extent of injury (Describe):_____

$_____

## CONTRACT CLAIMS

Provide a detailed description of claim(s): _Breach of Contract. 93A_

| | AMOUNT |
|---|---|
| _fraud_ | $_____ |
| | $_____ |
| | $_____ |

For this form, disregard double or treble damage claims; indicate single damages only.

### TOTAL CONTRACT CLAIMS:   $   21750

**ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF):**

Signature: _____

Type Name: _Michael Satterwhite_

Address: _PO Box 569 Revere MA 02151_

Phone: _781-629-4829_

B.B.O.#: _686937_

Date: _09/23/2015_

**DEFENDANT'S NAME AND ADDRESS & PHONE:**

_Edgard Vasques De Miranda Neto_

_161 Broadway_

_Somerville MA 02145_

08/06